UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 06-21666-CIV-MOORE/GARBER

HUGO CASTRO and GRACIELA CASTRO,

    Plaintiff,

vs.

FIDELITY NAT'L INS. CO. and CITIZENS
PROP. INS. CORP.,

    Defendants.
_____/

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

THIS CAUSE came before the Court upon the Defendant Fidelity National Insurance Company's Motion for Summary Judgment (DE # 18).

UPON CONSIDERATION of the Motion, and the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

**I.**    **Background**

Plaintiffs, Hugo Castro and Graciela Castro ("Plaintiffs"), filed this action against Defendant Fidelity National Insurance Company ("Fidelity") seeking recovery under a federal flood insurance policy issued under the National Flood Insurance Program ("NFIP"), pursuant to the National Flood Insurance Act of 1968. Fidelity is a Write-Your-Own ("WYO") Program carrier participating in the NFIP. The policy with Fidelity is a U.S. Treasury-underwritten Standard Flood Insurance Policy ("SFIP"), which is the federally mandated policy contract at 44 C.F.R. §61, App. A(1). All claims paid under a SFIP are paid for with U.S. Treasury funds. Plaintiff also filed this action against Defendant Citizens Property Insurance Corporation ("Citizen") seeking recovery under a homeowner's insurance policy. The claims against Citizen

are not at issue in the instant motion. Plaintiffs originally filed this action in state court, but it was removed to this Court upon Fidelity's Notice of Removal (DE # 1).

Plaintiffs allege that during the summer of 2004, their home sustained damages due to hurricanes Frances and Jeanne. After Hurricane Frances in early September, 2004, Plaintiffs provided notice of the flood damage to Fidelity. An independent adjuster inspected the property on or about November 1, 2004. Def. Mot. Ex. 6. The adjuster reported that Plaintiffs' building sustained no covered flood damage. Id. The adjuster only reported damages to the Plaintiffs' dock. Id. Damage to docks is excluded from coverage by 44 C.F.R. §61, App. A(1), Art. IV(12). In a letter dated November 4, 2004, Fidelity advised Plaintiffs that "there was no flood damage to [their] covered property as a result of this flood event." Plaintiffs dispute this finding and believe they sustained covered damage. However, Plaintiffs did not sign or submit a sworn Proof of Loss meeting all the requirements of 44 C.F.R. §61, App. A(1), Art. VII(J)(4).

Defendant Fidelity filed this Motion for Summary Judgment, asserting that they should be granted summary judgment because the Plaintiffs are precluded from having an actionable claim against Fidelity by Plaintiffs' failures, (1) to submit a proper sworn Proof of Loss, and/or (2) to file this action within the one-year statute of limitations required by 42 U.S.C. §4072 and 44 C.F.R. §61, App. A(1), Art. VII(R). Plaintiffs argue that state law should govern a private insurer's conduct in handling claims under the NFIP; therefore, (1) substantial, rather than strict, compliance with the Proof of Loss requirement is all that is required and failure to comply will not bar recovery if the defendant has suffered no prejudice, and (2) the longer state statute of limitations of five years should apply to bringing claims on the insurance policy. Apparently the Plaintiffs do not dispute that if federal rules govern, the claims against Fidelity are barred. So the

main issue is whether state or federal law should govern claims against a private insurer acting pursuant to the federal NFIP.

**II.     Standard of Review**

The applicable standard for reviewing a summary judgment motion is unambiguously stated in Rule 56(c) of the Federal Rules of Civil Procedure:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Summary judgment may be entered only where there is no genuine issue of material fact. Twiss v. Kury, 25 F.3d 1551, 1554 (11th Cir. 1994). The moving party has the burden of meeting this exacting standard. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). An issue of fact is "material" if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). It is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. Id.

In applying this standard, the district court must view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion. Id. However, the nonmoving party:

> may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

Fed. R. Civ. P. 56(e). "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could

reasonably find for the [nonmovant]." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

### III. Discussion

#### A. Failure to Submit Proof of Loss

The Eleventh Circuit held that an "insured must adhere **strictly** to the requirements of the standard federal flood insurance policy before any monetary claim can be awarded against the government." Sanz v. U.S. Security Ins Co., 328 F.3d 1314, 1318 (11th Cir. 2003) (emphasis added). In Sanz, the plaintiff had flood insurance coverage under the NFIP and sought to recover for damages sustained during Hurricane Irene. The insurance company refused the plaintiff's claim because the plaintiff had failed to strictly comply with the Proof of Loss requirement in the SFIP prior to the deadline. The district court granted judgment as a matter of law against plaintiff based on the failure to timely submit a Proof of Loss in compliance with 44 C.F.R. §61, App. A(1), Art. VII(J)(4). The Eleventh Circuit affirmed and held that strict compliance with the Proof of Loss requirement is required before any monetary claim could be awarded, and recognized that five other circuits have concluded the same. Sanz, 328 F.3d at 1317–18.

Plaintiffs argue that state law should provide the rule of decision which governs private insurers' conduct in handling claims under insurance policies issued pursuant to the NFIP, and under state law, (1) they only need to show that they notified the insurer of the damage and the insurer suffered no prejudice from not receiving a sworn Proof of Loss, and (2) by denying any liability on the policy, Fidelity waived the affirmative defense that Plaintiffs' claims are barred by not filing a sworn Proof of Loss. Pl. Resp. at 3 (citing Zumbrun v. United Services Automobile Association, 719 F. Supp. 890 (E.D. Cal. 1989)). In Zumbrun, the plaintiffs brought suit against

a WYO insurer seeking to recover under a flood insurance policy issued pursuant to the National Flood Insurance Act. The court reasoned that it should apply California state law regarding waiver of defenses doctrine to the insurer's conduct. Zumbrun, 719 F. Supp. at 893–95. The court then applied state waiver doctrine to the affirmative defenses of the insurer and held that the insurer had waived raising those defenses based on state law.

Plaintiffs also rely on Conrad v. Omaha Prop. & Cas. Ins. Co., 1995 WL 350418 (E.D. Pa. June 7, 1995). Conrad also involves a suit to recover on a flood insurance policy pursuant to the NFIP. In holding that state law should govern the conduct of the insurer, the court relied heavily on Zumbrun and the idea that a private insurer is not a government agent, even when acting as a WYO insurer pursuant to the NFIP; therefore, the private insurer and not the government is the party in interest. Conrad, 1995 WL 350418, at *2–3. The court proceeded to apply state law to find that the plaintiffs did not have to strictly, but only substantially, comply with the Proof of Loss requirement.

However, Zumbrun and Conrad are not controlling in the Southern District of Florida, and their holdings are contradicted by the Eleventh Circuit's holding in Sanz. Sanz is a controlling Eleventh Circuit decision which requires that "the insured must adhere **strictly** to the requirements of the standard federal flood insurance policy before any monetary claim can be awarded against the government." Sanz, 328 F.3d at 1318 (emphasis added). Sanz further dismissed the plaintiff's argument that the insurer had waived raising this defense, because this requirement cannot be waived except in writing by the Federal Insurance Administrator. Sanz, 328 F.3d at 1318–19. Sanz also dismissed the plaintiff's arguments that the insurer was estopped from asserting the Proof of Loss defense, stating that the plaintiff had not shown the insurer had

5

engaged in affirmative and egregious misconduct as would be required for estoppel. Sanz, 328 F.3d at 1319–20. Also, to the extent Zumbrun and Conrad are based on the idea that a private WYO insurer acting pursuant to the NFIP does not act as a government agent, they are contradicted by the Eleventh Circuit. Sanz, 328 F.3d at 1316 (the insurer "acts as the fiscal agent of the United States Government").

Additionally, it is questionable whether Zumbrun and Conrad are even good law in their own jurisdictions. Zumbrun's holding has been questioned and disagreed with in Mason v. Witt, 74 F. Supp. 2d 955 (E.D. Cal. 1999) and Etchell v. Royal Ins. Co., 165 F.R.D. 523 (N.D. Cal. 1996). Also, some cases have not only disagreed with Conrad, but have pointed out that it was overruled by implication in a later Third Circuit decision. Neill v. State Farm Fire and Cas. Co., 159 F. Supp. 2d 770 (E.D. Pa. 2000); Messa v. Omaha Property & Cas. Ins. Co., 122 F. Supp. 2d 513 (D.N.J. 2000).

In the present case, the facts are similar to those in Sanz. Also, Plaintiffs do not contend that they did submit a sworn Proof of Loss in strict compliance with 44 C.F.R. §61, App. A(1), Art. VII(J)(4) within the year allowed. And according to Sanz, the insurer cannot waive the Proof of Loss requirement. Therefore, there is no material dispute of fact as to this issue that would warrant judgment in favor of Plaintiffs. They have not strictly complied with the Proof of Loss requirement and are therefore barred from recovery against Fidelity on their SFIP.

**B.     Statute of Limitations**

The Eleventh Circuit has held that failure to bring a suit in federal court on claim under a flood insurance policy pursuant to the NFIP prior to the expiration of the NFIP's twelve month statute of limitations justifies dismissal of the action. Hairston v. Travelers Casualty and Surety

Co., 232 F.3d 1348 (11th Cir. 2000). In Hairston, the Eleventh Circuit affirmed the district court in dismissing the plaintiffs' flood damage claims against an insurer because the plaintiff had not brought the claims within the one year allowed by 42 U.S.C. §4072. Hairston, 232 F.3d at 1349–50. According to 42 U.S.C. §4072, "the claimant, **within one year** after the date of the mailing of notice of disallowance . . . by the Director, may institute an action against the Director on such claim in the United States district court[.]" (emphasis added).

Plaintiffs contend that state law ought to provide the rule of decision and Florida's standard statute of limitations of five years should be the applicable statute of limitations. Pl. Resp. at 4–5. Plaintiffs again rely on Conrad and Zumbrun. However, as discussed above, Conrad and Zumbrun are not controlling in the Southern District of Florida and might not be good law in their own jurisdictions. Either way, the Eleventh Circuit has applied the federal statute of limitations period of one year in situations involving the SFIP and the NFIP. Hairston, 232 F.3d at 1349–50. This case is no different; the one year statute of limitations applies. Plaintiffs received the notice of disallowance on or about November 1, 2004. Def. Mot. Ex. 6. Plaintiffs did not file their complaint in state court until May 6, 2006, and the action was not removed to federal court until June 30, 2006. Therefore, Plaintiffs' claims against Fidelity based on the flood insurance policy pursuant to the NFIP are barred by the statute of limitations. There is no dispute of fact that could be resolved in Plaintiffs' favor to allow their claims against Defendant Fidelity, so summary judgment as to Fidelity is warranted.

## IV.   Conclusion

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Defendant Fidelity National Insurance Company's

Motion for Summary Judgment (DE # 18) is GRANTED.

ORDERED AND ADJUDGED that Defendant Fidelity National Insurance Company's Motion to Quash Jury Demand (DE # 22) is DENIED AS MOOT. All other pending motions brought by or against Defendant Fidelity National Insurance Company, not otherwise ruled on, are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 18th day of April, 2007.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All counsel of record
Magistrate Judge Barry L. Garber